[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

___________________

No. 92-2433

 

UNITED STATES,

Plaintiff, Appellee,

v.

HERMAN L. BREWTON,

Defendant, Appellant.

 __________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Andrew A. Caffrey, 
Senior U.S. District Judge
]

___________________

Before

Torruella, Cyr and Boudin,

Circuit Judges
.

___________________

Herman L. Brewton
 on brief pro se.

A. John Pappalardo
, United States Attorney, and 
Paul V. Kelly
, Assistant U.S. Attorney, on brief for appellee.

__________________

May 11, 1993

__________________

Per Curiam

We start with the words of the relevant statutes. Section 922(g) of title 18 states as follows:

(g) It shall be unlawful for any person -

. . .

to . . . possess . . . any firearm . . ..

Section 924 of title 18 sets forth the penalties for various crimes, including section 922(g) felon in possession offenses. Section 924(e) reads as follows:

(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . ..

Appellant did not dispute below that he had at least "three previous convictions . . . for a violent felony or a serious drug offense." He argued instead that section 924(e)'s 15 year mandatory minimum sentence should not be imposed on him because the offense of conviction -- felon in possession -- was not itself a violent felony or serious drug offense.

The plain language of section 924(e) does not require that the offense of conviction itself be a violent felony or a serious drug offense for section 924(e)'s mandatory 15 year prison term to apply. Rather, it says that any defendant who has at least three 
previous
 violent felony or serious drug offense convictions when he unlawfully possesses a firearm in violation of section 922(g) must be sentenced to at least fifteen years in prison.

Bypassing section 924(e)'s plain language, appellant reads 
United States
 v. 
Doe
, 960 F.2d 221 (1st Cir. 1992), to say that the offense of conviction itself must be a violent felony before section 924(e)'s 15 year term applies. Appellant's reading is wrong. In 
Doe
Doe
prior
Doe
 in no manner requires the offense of conviction itself to be a violent crime.

Doe
 

We have addressed the arguments appellant raised below in his Rule 35 motion and papers, and we find them without merit. We do not address new matter (e.g. whether appellant's predicate offenses constituted violent felonies) raised for the first time in appellant's appellate brief.

Affirmed
.