USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2433 UNITED STATES, Plaintiff, Appellee, v. HERMAN L. BREWTON, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Andrew A. Caffrey, Senior U.S. District Judge] __________________________ ___________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ___________________ Herman L. Brewton on brief pro se. _________________ A. John Pappalardo, United States Attorney, and Paul V. ____________________ _______ Kelly, Assistant U.S. Attorney, on brief for appellee. _____ __________________ May 11, 1993 __________________ Per Curiam. Appellant appeals from the denial of his ___________ motion to correct sentence. He contends that his sentence for unlawfully possessing a firearm after having been convicted of a felony (hereafter, felon in possession), 18 U.S.C. 922(g), should not have been enhanced under 18 U.S.C. 924(e) because the offense of conviction (felon in possession) is not a "violent felony." We disagree with the appellant's argument and affirm the district court's November 23, 1992 order. We start with the words of the relevant statutes. Section 922(g) of title 18 states as follows: (g) It shall be unlawful for any person - (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; . . . to . . . possess . . . any firearm . . .. Appellant does not deny that he possessed a firearm in violation of 18 U.S.C. 922(g) after having been convicted of a felony. Section 924 of title 18 sets forth the penalties for various crimes, including section 922(g) felon in possession offenses. Section 924(e) reads as follows: (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person -2- shall be . . . imprisoned not less than fifteen years . . .. Appellant did not dispute below that he had at least "three previous convictions . . . for a violent felony or a serious drug offense." He argued instead that section 924(e)'s 15 year mandatory minimum sentence should not be imposed on him because the offense of conviction -- felon in possession -- was not itself a violent felony or serious drug offense. The plain language of section 924(e) does not require that the offense of conviction itself be a violent felony or a serious drug offense for section 924(e)'s mandatory 15 year prison term to apply. Rather, it says that any defendant who has at least three previous violent felony or serious drug ________ offense convictions when he unlawfully possesses a firearm in violation of section 922(g) must be sentenced to at least fifteen years in prison. Bypassing section 924(e)'s plain language, appellant reads United States v. Doe, 960 F.2d 221 (1st Cir. 1992), to _____________ ___ say that the offense of conviction itself must be a violent felony before section 924(e)'s 15 year term applies. Appellant's reading is wrong. In Doe, the defendant -- like ___ appellant -- had been convicted of being a felon in possession in violation of 18 U.S.C. 922(g). In addressing whether Doe was subject to 924(e)'s mandatory minimum 15 ___ year prison term, we determined that a prior felon in _____ possession conviction could not properly be counted as one of -3- the "three previous convictions . . . for a violent felony" within the meaning of 18 U.S.C. 924(e) because felon in possession was not necessarily a violent crime. Doe in no ___ manner requires the offense of conviction itself to be a violent crime. Next, appellant contends that the district court erred in holding that appellant was a career criminal under U.S.S.G. 4B1.1 because 4B1.1 specifically does not apply if the offense of conviction (felon in possession) is not a violent felony and, under both Doe and a 1991 amendment to ___ U.S.S.G. 4B1.1, application note 2, felon in possession is not a violent felony. While appellant correctly reads 4B1.1, appellant misunderstands the record, for there is no indication the district court applied 4B1.1 to appellant. Appellant was not sentenced pursuant to U.S.S.G. 4B1.1. Rather, the presentence report, to which appellant filed no objection, calculated appellant's sentence under U.S.S.G. 2K2.1(a)(2)(1987), the guideline which applied to 18 U.S.C. 922(g) offenses, and U.S.S.G. 5G1.1(b) (statutory minimum sentence imposed when it is greater than the maximum of the applicable guideline range). Appellant received the statutory minimum sentence, 15 years. 18 U.S.C. 924(e). Consequently, appellant's argument is meritless. -4- We have addressed the arguments appellant raised below in his Rule 35 motion and papers, and we find them without merit. We do not address new matter (e.g. whether appellant's predicate offenses constituted violent felonies) raised for the first time in appellant's appellate brief. Affirmed. ________ -5-