25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Titus T. HOLLIE, Defendant-Appellant.
 No. 93-6021.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before KENNEDY and BOGGS, Circuit Judges, and HILLMAN, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant Titus T. Hollie appeals his conviction for knowingly making a false statement when acquiring a firearm in violation of 18 U.S.C. Sec. 922(a)(6)[2] and for receipt of a firearm while under felony indictment in violation of 18 U.S.C. Sec. 922(n).[3] On appeal, defendant argues that the District Court erred by admitting a copy of his state court felony indictment as it disclosed the nature of the underlying drug charges. Defendant argues that the nature of the underlying offense was not relevant or alternatively, its prejudice outweighed its probative value. Additionally, defendant contends that the District Court erroneously admitted a firearms invoice in violation of the business records exception and the Confrontation Clause. For the reasons stated, we affirm.
 
 I.
 
 2
 When purchasing a firearm from a federally-licensed gun dealer, the defendant represented on the firearms transaction record that he was not then under felony indictment.[4] In fact, a Kentucky indictment was then pending against the defendant charging him with two counts of "trafficking in a Schedule II controlled substance, to wit, cocaine," a felony under Kentucky law punishable by a term of imprisonment exceeding one year.
 
 
 3
 On April 21, 1993, the defendant was convicted, following a jury trial, for knowingly making a false statement when acquiring a firearm in violation of 18 U.S.C. Sec. 922(a)(6) and for receipt of a firearm while under felony indictment in violation of 18 U.S.C. Sec. 922(n). After the jury returned a guilty verdict on each count, the District Court sentenced the defendant to nineteen months of imprisonment on each count, running concurrently. This timely appeal followed.
 
 II.
 
 4
 Prior to trial, the defendant made a motion in limine to exclude evidence that the defendant was under a felony indictment for drug trafficking. The defendant argued that the conduct underlying the indictment was irrelevant under Fed.R.Evid. 401. Alternatively, the defendant argued that if the conduct underlying the indictment was relevant, then its prejudice outweighed its probative value under Fed.R.Evid. 403. The District Court disagreed and denied the defendant's motion. Joint App. at 32. Consequently, at trial, the United States introduced a certified copy of the indictment, which stated the nature of the underlying offense.
 
 
 5
 On appeal, the defendant contends that the District Court erred by admitting the indictment. We review a district court's evidentiary rulings under an abuse of discretion standard. Turner v. Allstate Ins. Co., 902 F.2d 1208, 1214 (6th Cir.1990). The standard for an abuse of discretion is that the reviewing court has a "definite and firm conviction that the trial court committed a clear error in judgment." Davis v. Jellico Comm. Hosp. Inc., 912 F.2d 129, 133 (6th Cir.1990) (citations omitted).
 
 
 6
 Under Fed.R.Evid. 401, relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Defendant argues that the conduct underlying his state court indictment is irrelevant to the substantive offense charged under 18 U.S.C. Secs. 922(a)(6), 922(n). Specifically, the defendant contends that the federal statutes apply to someone who is subject to a felony indictment, regardless of the particular felony charged. The United States counters that the defendant refused to stipulate that he had been indicted on a felony charge and therefore evidence of the state court indictment was relevant to prove that the defendant had been indicted on a felony charge.
 
 
 7
 We conclude that the indictment, which states the nature of the offense, is relevant. Since the defendant refused to stipulate that he had been under felony indictment, admission of the indictment, which disclosed the charge, was necessary to prove that the defendant was indicted for a felony rather than a misdemeanor.
 
 
 8
 Alternatively, the defendant argues that the District Court should have excluded this evidence under Fed.R.Evid. 403 because its prejudice outweighed its probative value. We disagree. As stated, the indictment was necessary to establish that the defendant was under indictment for a felony, an element of the offense. Clearly, the probative value of this evidence outweighed the prejudice to the defendant.
 
 
 9
 Additionally, we note that the District Court gave a thorough and complete cautionary instruction that the state court indictment was not evidence that the defendant was guilty of the crimes charged. Rather, charges in an indictment are simply accusations. Consequently, any prejudice resulting from the admission of the facts underlying defendant's indictment and arraignment order was rendered harmless by the District Court's cautionary instruction. Thus, we affirm the District Court's decision to admit the indictment.
 
 III.
 
 10
 Under 18 U.S.C. Sec. 922(n), see n. 3, the United States must prove that the firearm in question moved through interstate commerce. The United States produced various evidence on this point, including an invoice from Euclid Sales Company referring to the gun, a Davis .380 automatic, purchased by the defendant.
 
 
 11
 Defendant claims that the District Court erred when it admitted the Euclid Sales Company invoice as it was hearsay and did not qualify for admission under the business records exception to the hearsay rule.
 
 
 12
 [F]or a business record to be admissible under Rule 803(6) ... the record must satisfy four requirements: (1) it must have been made in the course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.
 
 
 13
 Redken Laboratories, Inc. v. Levin, 843 F.2d 226, 229 (6th Cir.), cert. denied, 488 U.S. 852 (1988).
 
 
 14
 Because the defendant purchased the firearm at the Top Guns firearms dealership in Kentucky, the United States offered the testimony of John Patterson, owner of the Top Guns firearms dealership, as foundation for the admission of the Euclid Sales Company invoice. Defendant contends that the invoice was prepared by Euclid Sales Company and Patterson did not create or compile the document. The defendant argues that Patterson could not attest to the reliability of this document as he did not prepare it and therefore the invoice does not qualify under the business records exception. We disagree.
 
 
 15
 Testimony from an employee of Euclid Sales was not necessary because the District Court did not admit the invoice as a business record of the Euclid Sales Company. Rather, the District Court admitted it as a business record of Top Guns. Patterson, as owner of Top Guns, qualified the invoice for admission under the business records exception. He testified that he received the invoice from Euclid Sales at the time he received shipment of the guns, that he compared the contents of the shipment to the invoice, and that he compared the serial number on the gun with the serial number on the invoice. Patterson further testified that "this procedure was part of the regular practice of his business, that he kept copies of shipping invoices in his file as part of the regular practice of his business, and he was the custodian of these records." Government's Brief at 11.
 
 
 16
 Simply because the invoice had previously been a record of the Euclid Sales Company, it is not precluded from being a record of Top Guns. Patterson relied on this invoice and integrated it into his records at Top Guns. Thus, the District Court correctly concluded that the invoice qualified for admission under the business records exception. United States v. Doe, 960 F.2d 221 (1st Cir.1992).
 
 IV.
 
 17
 Finally, the defendant argues that the admission of the invoice violated his Sixth Amendment right to confrontation because he could not cross-examine the individuals who prepared the invoice. We disagree. The Supreme Court has held that the use of hearsay evidence against a criminal defendant does not violate the Sixth Amendment if the statement bears the "indicia of reliability." Ohio v. Roberts, 448 U.S. 56, 65-66 (1980); White v. Illinois, 112 S.Ct. 736 (1992). A document bears sufficient indicia of reliability if it is admitted on the basis of a firmly rooted hearsay exception. Roberts, 448 U.S. at 66. Because the invoice was admitted as a business record of Top Guns and the business records exception is firmly rooted, defendant's Confrontation Clause rights were not violated by the admission of the invoice.
 
 V.
 
 18
 For the reasons stated, we AFFIRM.
 
 
 
 [1]
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [2]
 18 U.S.C. Sec. 922(a)(6) states that it shall be unlawful
 for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter....
 
 
 [3]
 18 U.S.C. Sec. 922(n) states
 [i]t shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 
 
 [4]
 Defendant answered "no" to the following question on the firearms transaction record, "[a]re you under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year?"