**UNITED STATES of America**

v.

**Cosme SANCHEZ–RAMIREZ.**

**Case No. 1:05–CR–71–JAW.**

United States District Court,
D. Maine.

Sept. 30, 2011.

---

**15.** Of course, the defendant was not prosecuted for them and therefore he had no occasion to invoke the exclusionary rule.

F. Todd Lowell, Office of the U.S. Attorney District of Maine, Bangor, ME, Evan J. Roth, Margaret D. McGaughey, U.S. Attorney's Office District of Maine, Portland, ME, for United States of America.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR RECONSIDERATION

JOHN A. WOODCOCK, JR., Chief Judge.

Cosme Sanchez–Ramirez returns, this time seeking to reopen the Court's Order affirming the recommended decision of the Magistrate Judge on October 21, 2010 and moving for appointment of counsel. *Def.'s Mot. for Appointment of Counsel* (Docket # 299); *Def.'s Mot. Filed under Fed. Rule of Civ. Pro. 60(B) to Reopen the Ct.'s Order Affirming the Recommended Decision of the Magistrate Judge on October 21, 2010* (Docket # 300) (*Def.'s Mot.*).

Mr. Sanchez–Ramirez asks to reopen an Order addressing his April 26, 2010 § 2255 motion to vacate, set aside, or correct sentence. *Def.'s Pet. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody* (Docket # 262); *Order Affirming the Recommended Decision of the Magistrate Judge*

(Docket # 277) (*Order* ). In his § 2255 petition, Mr. Sanchez–Ramirez raised four issues: 1) that the Court failed to require a competency hearing in June 2007; 2) that his attorney failed to present § 3553 factors at sentencing, specifically his medical and mental history; 3) that the burglary charges were not proper predicates for Armed Career Criminal status; and 4) that his attorney failed to explain the difference between a jury and bench trial. *Id.* at 5–6. On September 15, 2010, the Magistrate Judge issued an extensive recommended decision, recommending that the Court deny the petition. *Recommended Decision on 28 U.S.C. [§ 2255] Mot.* (Docket # 275) (*Recommended Decision* ). She observed that two of the grounds—the failure to order a second competency hearing and the use of his burglary convictions as predicate violent felonies—were raised in his appeal to the First Circuit and were decided against him. *Id.* at 1. Accordingly, Mr. Sanchez–Ramirez was not entitled to a 28 U.S.C. § 2255 review of those claims. *Id.* The Magistrate Judge then reviewed Mr. Sanchez–Ramirez's two reviewable claims— that his attorney failed to fully advise him about the consequences of his waiver of a jury trial and that his attorney failed to make certain sentencing arguments; she concluded that neither claim had merit. *Id.* at 4–15.

Mr. Sanchez–Ramirez moved to amend the Recommended Decision but only on the ground that the Court erred in failing to recognize its *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), authority to vary from the Guideline sentence range. *Def.'s Mot. to Am. § 2255* (Docket # 276). On October 21, 2010, this Court treated this filing as an objection to the Recommended Decision and affirmed the Recommended Decision. *Order* at 1–2. Mr. Sanchez–Ramirez appealed the Court's Order to the First Cir-

cuit Court of Appeals but later moved to voluntarily dismiss the appeal; on March 1, 2011, the Court of Appeals did so. *J. United States Ct. of Appeals* (Docket # 285).

On April 8, 2011, Mr. Sanchez–Ramirez moved this Court for reconsideration and to reopen his case. *Def.'s Mot. to Recons. and Reopen Case* (Docket # 296). On April 8, 2011, the Magistrate Judge denied the motion because the district court does not have the authority to reopen an appeal that has been voluntarily dismissed. *Order* (Docket # 297).

Mr. Sanchez–Ramirez again asks the Court to reconsider its October 21, 2010 Order. *Def.'s Mot. at 1.* Framed as a motion to reconsider his § 2255 petition, Mr. Sanchez–Ramirez cites Federal Rule 60(b) and argues that the standards for a Rule 60(b) motion allow the Court to set aside its earlier denial of his § 2255 petition for good cause and where the ends of justice require it to do so. *Id.* at 1. In his memorandum, he posits three issues: 1) that intervening law has undercut the determination that his prior convictions should qualify as predicate convictions under 18 U.S.C. § 924(e); 2) that his trial counsel failed to explain the significance of a bench as opposed to a jury trial; and 3) that his conviction for possession of a firearm was not a crime of violence and not subject to the mandatory minimum sentence in § 924(e). *Id.* at 2–9.

■ To the extent that Mr. Sanchez–Ramirez seeks reconsideration of the Order affirming the Recommended Decision, he cannot do so. As the Magistrate Judge noted earlier, he seeks, in effect, to resurrect the appeal that he voluntarily dismissed but that motion must be directed to the Court of Appeals, not this Court. Nevertheless, rather than resolve this motion on procedural grounds, the Court will

address Mr. Sanchez–Ramirez's substantive arguments.

Turning to his intervening law argument, Mr. Sanchez–Ramirez's reliance on *Johnson v. United States*, —— U.S. ——, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), as intervening and controlling caselaw is unavailing. First, *Johnson* is not intervening law. The Supreme Court decided *Johnson* on March 2, 2010, more than one month before Mr. Sanchez–Ramirez filed his April 26, 2010 § 2255 motion, and in his motion, Mr. Sanchez–Ramirez failed to mention *Johnson* and failed to pursue his appeal.

█ Second, *Johnson* is not controlling law. To qualify under the Armed Career Criminal Act (ACCA), a defendant must have previously been convicted of three predicate "violent felonies." 18 U.S.C. § 924(e). One classification of "violent felony" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In *Johnson*, the Supreme Court addressed this subsection of § 924(e). Mr. Sanchez–Ramirez's prior felonies, however, were not counted under this subsection. Mr. Sanchez–Ramirez had committed three burglaries, and there is a different subsection that counts burglaries: 18 U.S.C. § 924(e)(2)(B)(ii) ("the term violent felony' means any crime ... that (ii) is burglary"). In 2009, the First Circuit rejected Mr. Sanchez–Ramirez's contention that his Florida burglaries were not burglaries within the meaning of the ACCA. *United States v. Sanchez–Ramirez*, 570 F.3d 75, 82–83 (1st Cir.2009). There is no reason to believe that the Supreme Court's decision in *Johnson* on the ACCA subsection dealing with the definition of "physical force" under § 924(e)(2)(B)(i) would affect the First Circuit's decision dealing with

the meaning of "burglary" under § 924(e)(2)(B)(ii).

█ Regarding Mr. Sanchez–Ramirez's claim that his trial lawyer failed to adequately explain the significance of his waiver of his right to a jury trial, the Magistrate Judge thoroughly discussed this contention in her Recommended Decision and rejected it. *Recommended Decision* at 4–8. The Court reviewed the Magistrate Judge's Recommended Decision on this issue and agreed with her recommendations "precisely for the reasons set forth in her Recommended Decision." *Order* at 2. Mr. Sanchez–Ramirez now claims that the Court did not allow him to have a Spanish interpreter during the hearing on his jury trial waiver. *Def.'s Mot.* at 8. He is wrong. *Tr. of Proceedings* at 3–29 (Docket # 274).

█ Finally, Mr. Sanchez–Ramirez claims that § 924(e) does not apply because possession of a firearm by a felon is not a crime of violence. *Def.'s Mot.* at 7–8. He is correct that in the First Circuit, possession of an ordinary firearm by a felon is not a crime of violence, *United States v. Doe*, 960 F.2d 221, 226 (1st Cir. 1992), but he is wrong that the ACCA does not apply. Section 924(e) provides that if a person who violates § 922(g) by possessing a firearm has "three previous convictions ... for a violent felony," he is subject to a fifteen year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). The violent felony provision applies to prior convictions, not to the firearms possession conviction, and Mr. Sanchez–Ramirez's argument conflates his conviction for this offense with his convictions for predicate offenses. In enacting the ACCA, Congress wished to keep firearms out of the hands of persons with a history of committing acts of violence, including burglaries, and it established a fifteen year mandatory minimum term of incarceration for people

like Mr. Sanchez–Ramirez, who—having committed three crimes of violence—possess a firearm. This should not be news to Mr. Sanchez–Ramirez. *Sanchez–Ramirez*, 570 F.3d at 81 ("The ACCA imposes a fifteen year mandatory minimum sentence on anyone convicted of violating 18 U.S.C. § 922(g)—unlawful firearms possession—who has three prior convictions for certain drug crimes or violent felonies."). The Court DENIES Cosme Sanchez–Ramirez's *Motion for Appointment of Counsel* (Docket # 299) and *Motion Filed under Federal Rule of Civil Procedure 60(B) to Reopen the Court's Order Affirming the Recommended Decision of the Magistrate Judge on October 21, 2010* (Docket # 300).

SO ORDERED.