993 F.2d 1531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Plaintiff, Appellee,
v.
Herman L. BREWTON, Defendant, Appellant.
 No. 92-2433.
 United States Court of Appeals,
First Circuit.
 May 11, 1993.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Herman L. Brewton on brief pro se.
 A. John Pappalardo, United States Attorney, and Paul V. Kelly, Assistant U.S. Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant appeals from the denial of his motion to correct sentence. He contends that his sentence for unlawfully possessing a firearm after having been convicted of a felony (hereafter, felon in possession), 18 U.S.C. § 922(g), should not have been enhanced under 18 U.S.C. § 924(e) because the offense of conviction (felon in possession) is not a "violent felony." We disagree with the appellant's argument and affirm the district court's November 23, 1992 order.
 
 
 2
 We start with the words of the relevant statutes. Section 922(g) of title 18 states as follows:
 
 
 3
 (g) It shall be unlawful for any person -
 
 
 4
 (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
 
 
 5
 . . .
 
 
 6
 to . . . possess . . . any firearm . . . .
 
 
 7
 Appellant does not deny that he possessed a firearm in violation of 18 U.S.C. § 922(g) after having been convicted of a felony.
 
 
 8
 Section 924 of title 18 sets forth the penalties for various crimes, including section 922(g) felon in possession offenses. Section 924(e) reads as follows:
 
 
 9
 (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....
 
 
 10
 Appellant did not dispute below that he had at least "three previous convictions ... for a violent felony or a serious drug offense." He argued instead that section 924(e)'s 15 year mandatory minimum sentence should not be imposed on him because the offense of conviction-felon in possession-was not itself a violent felony or serious drug offense.
 
 
 11
 The plain language of section 924(e) does not require that the offense of conviction itself be a violent felony or a serious drug offense for section 924(e)'s mandatory 15 year prison term to apply. Rather, it says that any defendant who has at least three previous violent felony or serious drug offense convictions when he unlawfully possesses a firearm in violation of section 922(g) must be sentenced to at least fifteen years in prison.
 
 
 12
 Bypassing section 924(e)'s plain language, appellant reads United States v. Doe, 960 F.2d 221 (1st Cir. 1992), to say that the offense of conviction itself must be a violent felony before section 924(e)'s 15 year term applies. Appellant's reading is wrong. In Doe, the defendant-like appellant-had been convicted of being a felon in possession in violation of 18 U.S.C. § 922(g). In addressing whether Doe was subject to § 924(e)'s mandatory minimum 15 year prison term, we determined that a prior felon in possession conviction could not properly be counted as one of the "three previous convictions ... for a violent felony" within the meaning of 18 U.S.C. § 924(e) because felon in possession was not necessarily a violent crime. Doe in no manner requires the offense of conviction itself to be a violent crime.
 
 
 13
 Next, appellant contends that the district court erred in holding that appellant was a career criminal under U.S.S.G. § 4B1.1 because § 4B1.1 specifically does not apply if the offense of conviction (felon in possession) is not a violent felony and, under both Doe and a 1991 amendment to U.S.S.G. § 4B1.1, application note 2, felon in possession is not a violent felony.
 
 
 14
 While appellant correctly reads § 4B1.1, appellant misunderstands the record, for there is no indication the district court applied § 4B1.1 to appellant. Appellant was not sentenced pursuant to U.S.S.G. § 4B1.1. Rather, the presentence report, to which appellant filed no objection, calculated appellant's sentence under U.S.S.G. § 2K2.1(a)(2)(1987), the guideline which applied to 18 U.S.C. § 922(g) offenses, and U.S.S.G. 5G1.1(b) (statutory minimum sentence imposed when it is greater than the maximum of the applicable guideline range). Appellant received the statutory minimum sentence, 15 years. 18 U.S.C. § 924(e). Consequently, appellant's argument is meritless.
 
 
 15
 We have addressed the arguments appellant raised below in his Rule 35 motion and papers, and we find them without merit. We do not address new matter (e.g. whether appellant's predicate offenses constituted violent felonies) raised for the first time in appellant's appellate brief.
 
 
 16
 Affirmed.