Everett Eugene SESLER, Petitioner,

v.

Percy H. PITZER, Sued As: Percy Pitzer, Warden, Federal Prison Camp, Duluth, Minnesota, Respondent.

Civil No. 5–95–273.

United States District Court,
D. Minnesota,
Fifth Division.

April 19, 1996.

Scott Tilsen, Assistant Federal Public Defender, Minneapolis, Minnesota, for Petitioner.

Carol A. Needles, Assistant United States Attorney, Minneapolis, Minnesota, for Respondent.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

This matter is before the Court on Petitioner's Objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Raymond L. Erickson recommending the denial of Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner claims that Respondent and the Bureau of Prisons ("BOP") have arbitrarily and capriciously denied him a reduction in his sentence after his successful completion of drug rehabilitation programs. For the reasons set forth below, the R & R of Magistrate Judge Erickson will be adopted and the petition denied.

### Background

The facts are not in dispute. Petitioner pled guilty to the crime of using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).[1] He was initially incarcerated at the Federal Medical Center in Rochester, Minnesota, where he completed a BOP Drug Education Program, implemented pursuant to the provisions of 18 U.S.C. § 3621(b).[2] He was then transferred to the Federal Prison Camp in Duluth, Minnesota, where he completed additional drug abuse and drug education programs. He also completed the twelve-month "aftercare" component of these programs. He remains incarcerated at the facility in Duluth, with a calculated release date of December 16, 1996.

Congress has allowed the BOP to grant sentencing credit for the successful completion of drug rehabilitation programs: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). The BOP has promulgated regulations pursuant to this provision, which state that a prisoner incarcerated for a "crime of violence," as defined in 18 U.S.C. § 924(c)(3), is ineligible for early release. See R & R at 3. The regulations, in the form of a Program Statement, expressly define a violation of 18 U.S.C. § 924(c)(1) as a *per se* "crime of violence." *See* Resp.'s Ex. J (Program Statement 5162.02). If he were granted the maximum twelve-month reduction in his sentence, he would be eligible for immediate release.

Petitioner initially challenged the inclusion of his crime within the definition of a "crime of violence," both informally and by the use of a formal Request for Administrative Remedy. The BOP denied Petitioner's grievance, after which Petitioner appealed the decision to the BOP's North Central Regional office, where the Regional Director affirmed the initial decision. Petitioner then appealed to the BOP's Central Office; his appeal was denied by the Administrator of National Inmate Appeals. The parties concede that Petitioner has exhausted his administrative remedies.

On November 30, 1995, Petitioner filed his Petition for a Writ of Habeas Corpus. In the R & R issued on February 12, 1996, Magistrate Judge Erickson recommended denial of the petition. Magistrate Judge Erickson determined that the BOP's authority to reduce sentences for completion of drug rehabilitation programs was committed to the BOP's discretion by law, so that the BOP's classification of Petitioner's conviction as a "crime of violence" was not reviewable under the Administrative Procedure Act ("APA"). Further, the Court found that Petitioner had not stated a colorable constitutional claim under the Equal Protection Clause, the Eighth Amendment, or the Due Process Clause. On February 19, 1996, Petitioner, proceeding *pro se,* filed a "Motion for an Enlargement of Time," claiming that he could not properly object to the R & R because Magistrate Judge Erickson ad-

---

1. Petitioner has filed a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254 before Judge Doty, concerning the propriety of his conviction in light of the Supreme Court's recent decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

2. In pertinent part, the provision states: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621.

dressed only the *BOP's categorization* of convictions under § 924(c)(1) as crimes of violence, not the statutory definition of the phrase "crime of violence."

In a letter dated March 13, 1996, the Court was contacted by Assistant Federal Defender Scott Tilsen, informing the Court that he was representing Petitioner in connection with another habeas corpus petition, and requesting that the Court appoint him as Petitioner's counsel in the present case. On March 18, 1996, the Court granted Petitioner's "Motion for an Enlargement of Time" and denied without prejudice Petitioner's Motion for Declaratory Judgment. On the same day, the Court ordered that the Office of the Federal Public Defender for the District of Minnesota be appointed to represent Petitioner in this action. On March 27, 1996, Petitioner, through counsel, filed his Objections to the R & R of Magistrate Judge Erickson. Petitioner objects to Magistrate Judge Erickson's conclusions that: 1) wide-ranging judicial review of the BOP's determination here is not available; 2) Petitioner has no protected liberty interest at stake; and 3) the denial of the sentence reduction did not violate Petitioner's due process and equal protection rights.

### Discussion

### I. Applicable Standards of Review

■ A district court must make an independent, *de novo* review of those portions of a Report and Recommendation to which objections have been made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b).

### II. Reviewability

■ It should be noted at the outset that Magistrate Judge Erickson did not find the BOP's categorization of Petitioner's conviction under § 934(c)(1) as a "crime of violence" completely unreviewable. The R & R correctly observed that the determination of the BOP could not be reviewed under the APA. R & R at 7–9. Not only does 18 U.S.C. § 3621 clearly state that the BOP *may* reduce a nonviolent offender's sentence, but Congress specifically excepted the subsection of which § 3621 is a part: "The provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625.[3]

Magistrate Judge Erickson recognized, however, that limited judicial review of BOP regulations promulgated pursuant to this subchapter is allowable if Petitioner states a colorable constitutional claim, since Congress apparently did not clearly express an intent to foreclose review of such claims. *See Webster v. Doe*, 486 U.S. 592, 603–04, 108 S.Ct. 2047, 2053–54, 100 L.Ed.2d 632 (1988).

■ Petitioner claims that the BOP has acted in violation of a congressional directive. Congress has allowed prisoners "convicted of a nonviolent offense" to receive a sentence reduction at the BOP's discretion. 18 U.S.C. § 3621(e)(2)(B). The BOP has denied a sentence reduction to those convicted of "crimes of violence." Petitioner charges the BOP with acting outside of its statutory authority by including within its list of "crimes of violence" the crime of carrying or possessing a weapon in connection with a drug trafficking offense. Petitioner argues that the BOP is defeating the will of Congress by denying a sentence reduction to nonviolent prisoners who have successfully completed drug rehabilitation programs.

Yet the will of Congress, as expressed in § 3621(e)(2)(B), is decidedly *not* that all prisoners convicted of "nonviolent" offenses (a term not described in the provision) should be entitled to a sentence reduction. The expressed will of Congress is to allow the BOP the *discretion* to reduce a nonviolent offender's sentence. The relevant provision contains only two commands to the BOP: 1) that it not consider violent offenders for a sentence reduction; and 2) that any sentence

---

**3.** The cited provisions represent the "heart" of the APA's rulemaking and judicial review procedures. *Lyle v. Sivley*, 805 F.Supp. 755, 758 (D.Ariz.1992). The subchapter referred to includes 18 U.S.C. § 3621 to 18 U.S.C. § 3626, and concerns matters of imprisonment in the chapter entitled "Postsentence Administration."

reduction "may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). The BOP has not broken either of these rules by denying a sentence reduction to Petitioner. Congress has given the BOP broad discretion in a certain area (reduction of sentences in connection with drug rehabilitation programs) and has told the courts not to interfere.[4] The BOP has not gone outside that circumscribed area.

## III. Constitutional Claims

As Petitioner recognizes, his constitutional claims are inseparable from his claim that the BOP acted outside of its statutory authority. Petitioner's due process claim is based upon the theory that Petitioner's liberty interest has been curtailed by an agency decision contrary to the directives and intent of Congress. Pet'r's Mem. 10–11. Petitioner takes issue with Magistrate Judge Erickson's determination that the denial of a sentence reduction works no "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" nor a "major disruption in his environment." R & R at 16 (quoting *Sandin v. Conner*, —— U.S. ——, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)). Petitioner claims that his interest in immediate freedom is "liberty itself" and therefore implicates the Due Process Clause.

▮ Certainly Petitioner has a liberty interest in not being confined, but this is not the question under a due process analysis. The question is whether Petitioner has been granted a protectible liberty interest by the sentence reduction statute which invokes the

Due Process Clause. It is obvious that 18 U.S.C. § 3621(e)(2)(B) does not create such an interest: a nonviolent offender's sentence "may be reduced by the Bureau of Prisons." Nor does the BOP's decision to classify Petitioner's crime as a "crime of violence" mark a "dramatic departure from the basic conditions" of Petitioner's sentence. *See Sandin,* —— U.S. at ——, 115 S.Ct. at 2301.[5] Neither the standard in Sandin nor that in previous Supreme Court precedent allow Petitioner's requested relief.

Petitioner has advanced no facts to support claims based on substantive due process, the Eighth Amendment, or the Equal Protection Clause. Indeed, Magistrate Judge Erickson addressed these concerns not because Petitioner raised them, but because of the principle that *pro se* pleadings are to be liberally construed. R & R at 9. Thus, the Petition will be denied on these grounds as well.

### Conclusion

· Accordingly, based on all of the records, files, and proceedings herein, **IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Erickson (Doc. No. 14) is hereby **ADOPTED** and Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED.**

---

**4.** Petitioner relies upon two district court orders directing the warden of a federal correctional facility to grant one-year sentence reductions to prisoners completing drug rehabilitation programs. *Davis v. Crabtree*, Civ. No. 95–1739 (D.Or.1995); *Downey v. Crabtree*, Civ. No. 95–1801–HA (D.Or.1995). One prisoner had been convicted of possession of a firearm by a felon, the other of possession with intent to distribute illegal drugs. In very brief, unpublished opinions accompanying the orders, the court found that the crimes were not crimes of violence, regardless of BOP regulations, and that the prisoners were entitled to one-year sentence reductions because they completed the programs. The opinions rely on *United States v. Canon*, 993 F.2d

1439 (9th Cir.1993), which holds that possession of a firearm by a felon is not a "crime of violence" sufficient for conviction under 18 U.S.C. § 924(c). The Court finds neither opinion persuasive.

**5.** As observed by Magistrate Judge Erickson, the *Sandin* decision substantially limited the protectible liberty interests available to prisoners. Under the test enunciated by previous Supreme Court cases, which required that the asserted rights be based upon *mandatory* language, Petitioner's claim would obviously fail. *See* R & R at 14–15, 17.