**John M. DAVIS, Petitioner,**

v.

**Arthur F. BEELER, Warden, Respondent.**

**Civil Action No. 96–042.**

United States District Court, E.D. Kentucky.

April 29, 1997.

---

1. *Liu v. Westchester County Medical Center,* 837    F.Supp. 82, 84 (S.D.N.Y.1993).

John M. Davis, Springfield, IL, pro se.

Frances Catron, Shelley Darrell Chatfield, U.S. Attorney's Office, Lexington, KY, for respondent.

## OPINION AND ORDER

FORESTER, District Judge.

The petitioner, John M. Davis, a federal prisoner, filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Davis challenges that duration of his physical confinement. Specifically he alleges that the Bureau of Prisons ("BOP") has unlawfully determined that petitioner has been convicted of an offense which is violent, thereby making petitioner ineligible for early release pursuant to the early release provision of the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"). Consistent with local practice, this matter was referred to the United States Magistrate Judge for development of the record.

The Magistrate Judge filed a Report and Recommendation on December 20, 1996 [docket entry 26]. In her Report, the Magistrate Judge set forth the following relevant facts and procedural history of the above-styled case.

In 1990, Davis pled guilty in the United States District Court for the Central District of Illinois to the crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was sentenced to a term of twenty-seven months imprisonment. The sentencing judge recommended that Davis be placed in a facility where he could obtain counseling and treatment for his obsession with guns. Accordingly, Davis completed a BOP Drug Education Program while incarcerated at FCI–E1 Reno. Said program was implemented pursuant to the provisions of 18 U.S.C. § 3621(b). Pursuant to 18 U.S.C. § 3621(e)(2), after a prisoner has successfully completed a treatment program, the BOP may reduce the prisoner's sentence by not more than one year from the term that the prisoner must otherwise serve if *the prisoner has been convicted of a nonviolent offense.* Because the BOP classifies a violation

of 18 U.S.C. § 922(g) as a crime of violence, Davis is not eligible for early release. Davis exhausted his administrative remedies by challenging the inclusion of the crime for which he is presently incarcerated within the definition of a crime of violence. Subsequently, Davis filed this writ of *habeas corpus*.

The Magistrate Judge found that the substantive decision of the BOP to grant or deny early release to a prisoner is precluded from judicial review by statute. 18 U.S.C. §§ 3621, 3625; *Sesler v. Pitzer*, 926 F.Supp. 130, 132 (D.Minn.1996). However, the Magistrate Judge found that this Court does have jurisdiction to review whether the agency's interpretation of the statute under which it makes said decision is contrary to well-settled case law. *Neal v. United States*, —— U.S. ——, ——, 116 S.Ct. 763, 768, 133 L.Ed.2d 709 (1996).

The Magistrate Judge notes that neither the Supreme Court nor the United States Court of Appeals for the Sixth Circuit has addressed the issue of whether 18 U.S.C. § 922(g) is a crime of violence in the context of 18 U.S.C. § 3621. Moreover, the Magistrate Judge notes that those courts which have addressed said issue have not done so in the context of post-sentence classification of a defendant for early release consideration, but rather for the purpose of deciding whether to impose the sentence enhancement as contemplated by 18 U.S.C. §§ 924(e) and 924(c)(3). *See e.g., United States v. Canon*, 993 F.2d 1439 (9th Cir.1993); *United States v. Doe*, 960 F.2d 221, 224–226 (1st Cir.1992); *United States v. Chapple*, 942 F.2d 439, 442 (7th Cir.1991).

The Magistrate Judge submitted that "in the absence of a relevant body of binding case law, this Court must uphold the BOP action so long as it has not exceeded the discretion given to it by Congress." *Crooker v. Morris*, 1996 WL 608553 (D.N.J. October 17, 1996). In considering potential case law on this issue, the Magistrate Judge found that *Downey v. Crabtree*, 100 F.3d 662 (9th Cir.1996), which holds that a violation of 18 U.S.C. § 922(g) is a nonviolent offense for purposes of BOP post-sentence reduction, does not bind this Circuit. Moreover, the

Magistrate Judge found that the United States Sentencing Guidelines ("USSG") §§ 4B1.1 and 4B1.2(1), which state that a violation of 18 U.S.C. § 922(g) is not a crime of violence for sentencing purposes, does not constitute a relevant body of binding case law for purposes of the BOP's determination. Finally, the Magistrate Judge found that the BOP is not bound by prior case law from outside the Sixth Circuit which interprets 18 U.S.C. §§ 924(c)(3) and (e) as defining an 18 U.S.C. § 922(g) offense as a nonviolent crime for sentencing purposes, as the context is completely different from the case at bar. Thus, the Magistrate Judge concluded that in the absence of binding precedent in this Circuit holding that a § 922(g) offense is not a crime of violence, the BOP's action challenged herein cannot constitute an abuse of its discretion and, therefore, this Court must uphold the BOP's definition.

In light of the analysis set forth above, the Magistrate Judge recommended that Davis' petition be denied, that the same be dismissed with prejudice, and that this action be stricken from the docket.

After one extension, Davis filed Objections to the Report and Recommendation on January 16, 1997 [docket entry 28], to which Beeler responded on January 24, 1997 [docket entry 30]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). This Court finds that in his Objections Davis merely rehashes previously raised arguments which were addressed in full by the Magistrate Judge.

The Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's finding that the BOP lawfully defined 18 U.S.C. § 922(g) as a crime of violence for post-sentencing reduction purposes.

Accordingly, the Court hereby ORDERS:

(1) the Objections of the petitioner, John M. Davis, to the Magistrate Judge's Report and Recommendation [docket entry 28] are OVERRULED;

(2) the Magistrate Judge's Report and Recommendation [docket entry 26] is

ADOPTED as and for the opinion of the Court; and

(3) a Judgment will be entered contemporaneously with this Opinion and Order in favor of the respondent, Arthur F. Beeler, Warden.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

PATTERSON, United States Magistrate Judge.

### I. INTRODUCTION

Petitioner, John M. Davis, a federal prisoner, who is incarcerated at FMC–Lexington, has filed herein a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 3]. The writ of habeas corpus is an available remedy for federal prisoners who challenge the fact or duration of their physical confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In this action, Davis challenges the BOP's decision to classify his crime, felon-in-possession of a firearm, as a crime of violence because only nonviolent offenders are eligible for early release of up to one year upon the successful completion of a drug rehabilitation program. *See* 18 U.S.C. § 3621(e)(2)(B). If Davis were a nonviolent offender he would have a chance at early release. Therefore, his claim is a challenge to the length of his confinement. *See e.g., Crooker v. Morris,* No. CIV. A. 95–2820, 1996 WL 608553, at n. 1 (D.N.J. Oct. 17, 1996).

The essence of Petitioner's claim is that the Bureau of Prisons (BOP) has unlawfully determined that he has been convicted of an offense which is not nonviolent, thereby making him ineligible for early release pursuant to the early release provision of the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA). Currently ripe for decision, this matter has been referred to the undersigned for initial report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A).

### II. BACKGROUND

The facts are not in dispute. Petitioner pled guilty in the United States District Court for the Central District of Illinois to the crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and on October 15, 1990, he was sentenced to a term of twenty-seven (27) months of imprisonment. The sentencing judge recommended that Petitioner "be placed in a facility where he may obtain counseling and treatment for his obsession with guns." [Record No. 3, October 15, 1990 Judgment]. Petitioner was initially incarcerated at FCI–El Reno, Oklahoma, where he completed a BOP Drug Education Program, implemented pursuant to the provisions of 18 U.S.C. § 3621(b). He was then transferred to FCI–Ashland, Kentucky, and is presently incarcerated at FMC–Lexington, Kentucky.

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), 18 U.S.C. § 3621(e)(2) provides as follows:

2) Incentive for prisoners' successful completion of treatment program.—

(A) Generally.—Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.

(B) Period of custody.—The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

BOP Program Statement ("PS") 5162.02 defines a violation of 18 U.S.C. § 922(g) as a "crime of violence" in all cases. PS 5162.02 is titled "Definition of Term–Crimes Of Violence." Its self-described purpose and scope is as follows:

To implement various portions of the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) that makes reference to 'nonviolent offense,' and 'crime of violence,' specifically ... Section 32001, Substance Abuse Treatment in Federal Prisons. This Program Statement defines 'crime of violence' as that term is used in these sections of the VCCLEA. The definition includes broad statutory language, as well as a framework for determining which specific criminal offenses fall within the statutory definition.[1]

In paragraph five (5), PS 5162.02 includes the above referenced "broad statutory language" as follows:

> 5. STATUTORY DEFINITION. Title 18 of the United States Code defines 'crime of violence' in Section 924(c)(3) as follows: 'The term 'crime of violence' means an offense that is a felony and—
>
> > (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

PS 5162.02 then goes on to list the various criminal provisions defined in many different titles of the United States Code, including Title 18. PS 5162.02 continues:

> The offenses contained within these titles that may be crimes of violence are listed in the sections below. If a particular code section in these titles is not listed below, and case management staff believe that the crime might be violent, they should contact Regional Counsel. Additionally, if a Judgment and Commitment Order references a United States Code section that is not found in Titles 7, 16, 18, 21, 26, 30, 42, or 49, please contact Regional Counsel to determine whether the particular offense should be categorized as a 'crime of violence.'

The next section of PS 5162.02 is titled "CRIMINAL OFFENSES THAT ARE CRIMES OF VIOLENCE IN ALL CASES," and a violation of 18 U.S.C. § 922(g) is listed as one such offense. Accordingly, Petitioner's efforts to secure early release based upon his successful completion of a substance abuse treatment program were unfruitful.

The parties are in agreement that Petitioner has exhausted his administrative remedies. In that administrative process, Petitioner initially challenged the inclusion of his crime within the definition of a "crime of violence," both informally and by the use of a formal Request for Administrative Remedy. Dr. Mary Whetsell, Drug Abuse Treatment Coordinator, denied Petitioner's request for early release because of the BOP's classification of his crime as a "crime of violence." In said denial, Dr. Whetsell used a preprinted written form which listed various reasons for a denial and a space for the official to "check off" those reasons which were applicable to a particular denial. Among the choices of reasons which were available to be designated on the form were: (1) unsuccessful completion of drug rehabilitation, (2) unsuccessful completion of transitional drug treatment services, and (3) classification of an offense as a "crime of violence." As to Petitioner, only the classification reason was designated.

On July 21, 1995, Petitioner filed a formal request for administrative remedy wherein he requested a one year reduction in his sentence because of his completion of a drug rehabilitation program. Respondent, Warden A.F. Beeler, denied the request because the BOP classifies Petitioner's offense as a "crime of violence" which makes Petitioner ineligible for early release. Petitioner then unsuccessfully appealed the Warden's decision through the BOP's administrative remedy process. On October 25, 1995, Petitioner's final administrative appeal was denied at the Central Office level by National Inmate Appeals Administrator, Ed Crosley.

---

1. Implicit within the self-described scope of P.S. 5162.02 is the assumption that the term "nonviolent offense" is the contra positive of the term "crime of violence." This implied assumption is evident in the language of the written denials by BOP officials to Petitioner's requests for early release which are detailed below in the discussion of Petitioner's exhaustion of his administrative remedies.

In response to Petitioner's final administrative appeal, Crosley wrote:

> Your current offense of Possession of a Firearm by a Felon is determined to be a crime of violence as defined by the statute as it poses a substantial risk that physical force might be used against the person or property of another.

[Record No. 3, Attachment].

At each stage of the administrative process, Petitioner requested a reduction of his sentence, and at each stage he was denied consideration for the same for the sole stated reason that his crime was classified by the BOP as a "crime of violence."

On January 24, 1996, Petitioner filed his Petition for a Writ of Habeas Corpus. [Record No. 3]. On March 29, 1996, Petitioner filed his First Amended Petition for Writ of Habeas Corpus. [Record No. 8].

In the instant petition, as amended, the Petitioner claims that BOP Program Statement No. 5162.02 which classifies a violation of 18 U.S.C. § 922 as a "crime of violence" is an unlawful interpretation of the "nonviolent offense" language of 18 U.S.C. § 3621(e)(2). Petitioner contends that in promulgating its interpretation of the "nonviolent offense" language of 18 U.S.C. § 3621(e)(2), the BOP made a clear error of judgment.

Specifically, Petitioner alleges the following:

(1) Program Statement 5162.02 " 'interpreted' the 'nonviolent offense' and 'crime of violence' language of 18 USC § 3621(e) [sic] as an internal agency guideline and its tentative view of the meaning of the foregoing statutory terms." [Record No. 8, p. 8].

(2) "In promulgating PS 5162.02, the BOP started by issuing 'Operations Memorandum 017–95 . . . ,' which is more or less a letter to prison personnel, and then adopted the Memorandum as Program Statement [sic] on July 24, 1995." [*Id.*].

(3) "In promulgating PS 5162.02, the BOP used the statutory definition of 'crime of violence' set forth in 18 USC § 924(c)(3) and then decided, inter alia, that violation of 18 USC § 922(g) would fall within this

definition 'in all cases' [sic]" [Record No. 8, p. 9].

(4) "In promulgating PS 5162.02, the BOP did not consider that no federal court presently holds that violation of 18 USC § 921(g) is a crime of violence under USSG §§ 4B1.1 or 4B1.2(1), the 'Sentencing Guidelines'. [sic]" [*Id.*].

(5) "In promulgating PS 5162.02, the BOP did not consider that no federal court presently holds that violation of 18 USC 922(g) [sic] is a crime of violence or 'violent felony' for purpose of the sentence enhancement statute, 18 USC § 924(e), which has language more or less identical to 18 USC § 924(c)(3), which was relied upon by the BOP in promulgating PS 5162.02." [*Id.*].

(6) The BOP erroneously failed to consider that the United States Court of Appeals for the First Circuit, in an opinion written by then Chief Judge Stephen Breyer, held that for purposes of the sentence enhancement statute, 18 U.S.C. § 924(e), a violation of 18 U.S.C. § 922(g) is not a violent felony. [Record No. 8, *citing United States v. Doe*, 960 F.2d 221 (1st Cir.1992) ]. [*Id.*, at 10–12].

(7) The BOP has not given "the most natural and reasonable reading" to the statutory term "nonviolent offense," and that the First Circuit's interpretation in *Doe* of 18 U.S.C. § 922(g) as *not* a "violent felony" in the sentencing context is a "natural and reasonable" interpretation which has applicability to the term "nonviolent offense" in the early release context of 18 U.S.C. § 3621. [*Id.*, at 12].

(8) The BOP's interpretation of the term "nonviolent offense," unlike a legislative rule, is "not controlling on this Court." [*Id.*].

Petitioner also alleges that the BOP did not promulgate program statements 5330.10 and 5162.02 in accordance with the formal procedures of the APA, and that therefore his denial of eligibility is unlawful. Yet, these allegations, even if true, do not state a claim for relief because program statements are interpretive rules which are not subject to the formal notice and comment procedures of the APA. *Reno v. Koray*, —— U.S. ——, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

Finally, according to Petitioner he filed his First Amended Petition in part to clarify that he is not claiming a constitutional liberty interest in an early release via 18 U.S.C. § 3621. [Record No. 6, p. 2].

In response to the instant petition as amended, Respondent, through counsel, argues that: (1) the Court lacks subject matter jurisdiction to review the BOP's interpretation of 18 U.S.C. § 3621; and (2) even if jurisdiction exists, the BOP's interpretation is entitled to deference as a reasonable interpretation of 18 U.S.C. § 3621 which is also consistent with the intent of Congress. [Record Nos. 4 & 9].

### III. DISCUSSION

█ As an initial matter, the scope of judicial review herein must first be defined. 18 U.S.C. § 3621 clearly states that any inmate who in the *judgment of the BOP Director is deemed* to have successfully completed a program of substance abuse treatment *shall remain in the custody of the BOP under such conditions as the BOP shall deem appropriate,* and that to this end of what conditions the BOP deems appropriate, the BOP *may* reduce a nonviolent offender's sentence. However, Congress specifically excluded this subsection of § 3621 from coverage under the Administrative Procedure Act (APA): "The provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. (The subchapter referred to includes 18 U.S.C. § 3621 through 18 U.S.C. § 3626, and concerns matters of imprisonment in the chapter entitled "Postsentence Administration."). These inapplicable provisions of the APA constitute the "heart" of the APA's rulemaking and judicial review procedures. *Sesler v. Pitzer,* 926 F.Supp. 130, 132 (D.Minn.1996); *Lyle v. Sivley,* 805 F.Supp. 755, 758 (D.Ariz.1992). Accordingly, the APA does not, as it ordinarily would, define the scope of this Court's review of the BOP's determinations in issue in this case.

Moreover, 5 U.S.C. § 701(a) of the APA reinforces the language of 18 U.S.C. § 3625, by limiting application of the APA to situations in which judicial review is not precluded by statute, as it is here. *See, Webster v. Doe,* 486 U.S. 592, 599, 108 S.Ct. 2047, 2051–52, 100 L.Ed.2d 632 (1988); *see also, Lyle,* 805 F.Supp. at 758 (while there is a presumption that agency action is subject to judicial review, where Congress has specifically precluded review, the federal courts have limited jurisdiction for such review).

In the instant case, what 18 U.S.C. § 3625 and the specific language of 18 U.S.C. § 3621 make clear is that the substantive decision of the BOP to grant or deny early release to a prisoner is precluded from judicial review by statute. It is clear, therefore, that Congress intended to commit these substantive decisions to the unreviewable discretion of the BOP. *See, Sesler,* 926 F.Supp. at 133.

█ The question which remains then is what, if any, judicial review is appropriate where Congress specifically excludes the APA by statute. According to the United States Supreme Court, only two questions are appropriate for the reviewing court's consideration. *See, Webster,* 486 U.S. at 603, 108 S.Ct. at 2053–54 (courts may review constitutional claims so long as Congress has not clearly precluded such review); and, *Neal v. United States,* ─── U.S. ───, ───, 116 S.Ct. 763, 768, 133 L.Ed.2d 709 (1996) (under doctrine of *stare decisis* agency may not interpret statute contrary to well-settled case law).

The first question is whether any cognizable constitutional claims have been presented. Federal courts may review the merits of claims alleging that an agency has violated the constitution, even where Congress has precluded review under the APA. *Webster,* 486 U.S. at 603, 108 S.Ct. at 2053–54. Because in the instant case Petitioner is not claiming any constitutional violation, no consideration of this issue is necessary.

The second question appropriate for judicial review is whether an agency's interpretation of a statute is contrary to well-settled case law. *Neal,* ─── U.S. at ─── ─ ───, 116 S. Ct at 768–69. The United States Supreme Court has held that "[o]nce we have determined a statute's meaning, we adhere to our ruling under the doctrine of *stare decisis,*

and we assess an agency's later interpretation of the statute against that settled law." *Id.*

■ Therefore, the sole issue before the Court in this case is whether the BOP's interpretation of the term "nonviolent offense" contravenes well-settled case law. This issue, however, raises the question of what well-settled case law is relevant. As noted above, the BOP has interpreted the term "nonviolent offense" by reference to the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3). In this case, in denying Petitioner's final administrative appeal, National Inmate Appeals Administrator Ed Crosley noted that Petitioner is not eligible for early release because his offense of felon-in-possession of a firearm is determined to be a "crime of violence" because it poses a substantial risk that physical force might be used against the person or property of another. This is the language § 924(c)(3) uses to define a "crime of violence," and the language employed by PS 5162.02.

Petitioner contends that PS 5162.02 conflicts with the relevant existing case law governing the issue of whether § 922(g) offenses are crimes of violence. He cites the decision of the First Circuit, Breyer, J., in *United States v. Doe,* 960 F.2d at 224–226, for the proposition that well-settled case law interprets the § 922(g) felon-in-possession of a firearm offense as a nonviolent one. [Record No. 8, pp. 10–12]. Yet, *Doe* dealt with the issue of whether the felon-in-possession offense was non-violent in the context of the sentence enhancement statute, 18 U.S.C. § 924(e). *Doe,* 960 F.2d at 224–26. Neither the Supreme Court nor the United States Court of Appeals for the Sixth Circuit has addressed the issue of whether § 922(g) is a crime of violence in the context of 18 U.S.C. § 3621. Those courts which have addressed the issue of whether a violation of 18 U.S.C. § 922(g) is a "crime of violence" or a "violent felony," —the language used by § 924(e)— have not done so in the context of post-sentence classification of a defendant for early release consideration, but rather for the purpose of deciding whether to impose the sentence enhancement contemplated by 18 U.S.C. § § 924(e) and 924(c)(3). *See e.g.,*

*United States v. Canon,* 993 F.2d 1439, 1441 (9th Cir.1993) (in sentencing context felon-in-possession is not a "crime of violence"); *Doe,* 960 F.2d at 224–226 (sentencing context); *United States v. Chapple,* 942 F.2d 439, 442 (7th Cir.1991) (in sentencing context felon-in-possession offense must involve use or implication of use in order to be "crime of violence").

As the Court in *Crooker v. Morris* noted in a similar habeas corpus challenge to the BOP's interpretation of the term "nonviolent offense," "[i]n the absence of a relevant body of binding case law, this court must uphold the BOP action so long as it has not exceeded the discretion given to it by Congress." *Crooker v. Morris,* No. CIV. A. 95–2820, 1996 WL 608553, at 4 (D.N.J. Oct. 17, 1996); *See also Piccolo v. Lansing,* 939 F.Supp. 319, 320–21 (D.N.J.1996). In the absence of binding precedent in this Circuit holding that a § 922(g) offense is *not* a crime of violence, the BOP's action challenged herein cannot constitute an abuse of its discretion, and thus, Petitioner's argument on this question should be rejected.

■ Next, Petitioner points to the definition of the term "crime of violence" in the United States Sentencing Guidelines (USSG) § § 4B1.1 and 4B1.2(1) which state that a violation of 18 U.S.C. § 922(g) is not a crime of violence, to support his argument that the BOP has unlawfully defined a § 922(g) violation as a "crime of violence" and therefore not a "nonviolent offense." Yet again, however, Petitioner's argument must be rejected because the context is different. The definition of such an offense by a separate entity for sentencing purposes does not preclude the BOP, in its Congressionally-mandated discretion, from deciding upon a different definition of a "violent" crime for purposes of determining a prisoner's eligibility for early release from custody.

Nevertheless, because PS 5162.02 appears to rely on the definition of "crime of violence" found at 18 U.S.C. § 924(c)(3) in order to define the term "nonviolent offense," Petitioner argues that the BOP is bound by prior case law interpretations of 924(c)(3) and the similar definition of "violent felony" found in 18 U.S.C. § 924(e), which define a § 922(g)

offense as not being a "crime of violence" for sentencing purposes. Indeed, the United States Supreme Court has held that federal courts may not use the felon-in-possession offense as the predicate crime of violence for purposes of imposing the career offender provisions of USSG. *Stinson v. United States,* 508 U.S. 36, 47, 113 S.Ct. 1913, 1920, 123 L.Ed.2d 598 (1993). However, the Court in Stinson did not hold that in all cases the felon-in-possession offense must not be classified as a "crime of violence." Further, as noted above, neither the Sixth Circuit nor the Supreme Court has held, much less in the early release context in particular, that the felon-in-possession offense is a nonviolent one.

Petitioner's discussion of the authority he cites in support of his arguments is accurate, but those decisions are not relevant herein. As the Court in *Crooker* noted:

> It would be a "foolish consistency" to hold that a crime of violence for sentencing purposes must be the same as a crime of violence for early release purposes—even using the same definition. Courts tend to construe criminal statutes strictly for the obvious reason that people are entitled to know in advance what conduct will have what consequences. Determining when a convicted prisoner should be given a sentence reduction is a decision which should be made cautiously with due regard for protecting the public. Indeed, it was probably for this very reason that the sentence reduction permitted by 18 U.S.C. § 3621(e)(2)(B) was made discretionary with BOP.

*Crooker,* at 5. Accordingly, Petitioner's consistency argument must also be rejected.

Finally, in his most recent supplemental citation of authority [Record No. 25], Petitioner directs this Court's attention to a recent decision by the United States Court of Appeals for the Ninth Circuit, *Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996). In *Downey,* the Ninth Circuit held that in interpreting the term "nonviolent offense," the BOP was bound by prior Ninth Circuit case law which has interpreted the § 924(c)(3) definition of "crime of violence" as not including the § 922(g) felon-in-possession offense,

and that, therefore, the BOP could not classify a drug offense which resulted in an enhanced sentence for the offender because of the presence of firearms as a "crime of violence." *Downey,* 100 F.3d at 667. According to the *Downey* decision, because the BOP has used 18 U.S.C. § 924(c)(3) to interpret a term in 18 U.S.C. § 3621, the Ninth Circuit's prior interpretations of § 924(c)(3) are binding on the BOP, even though § 924 deals with sentencing and § 3621 deals with early release. *Id.,* at 666. As discussed above, the undersigned is of the opinion that the better view is to distinguish the contexts in which classification of the felon-in-possession offense is made. Accordingly, the Ninth Circuit's decision in *Downey* may legitimately be labeled the type of "foolish consistency" that the District Court in *Crooker* so persuasively rejected. Moreover, even if this Court were to subscribe to the Ninth Circuit's view, the Sixth Circuit has not held that in the context of § 924(c)(3) a § 922(g) offense is nonviolent. Thus, in this Circuit, the BOP's interpretation does not contravene well-settled case law and the conclusion mandated in *Downey* by prior decisions of the Ninth Circuit regarding § 922(g) is thus not mandated here.

As further support for its decision, the Ninth Circuit in *Downey* also points to the classification of a § 922(g) offense as nonviolent under the USSG, which are distinguished hereinabove, and the teachings of *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In *Taylor,* the Court "require[d] the trial court to look only to the fact of conviction and the definition of the prior offense" in determining whether the prior offense constituted a previous "conviction of a violent felony" for purposes of the sentence enhancement statute, 18 U.S.C. § 924(e). *Id.* at 602, 110 S.Ct. at 2160. According to the Ninth Circuit in *Downey:*

> The Bureau [BOP] in this case relied on sentence-enhancement Devices and related staff considerations, factors external to the constituent elements of the crime of conviction, to define 'a nonviolent offense' for the purposes of 18 U.S.C. § 3621(e)(2)(B). Reliance on such external factors flies in the face of the Taylor analysis.

*Downey*, 100 F.3d at 668. In *Taylor*, the Supreme Court determined that 18 U.S.C. § 924(e) mandates a formal categorical approach to classifying crimes as either violent or nonviolent by considering only the fact of conviction and the constituent elements which define the offense. *Taylor*, 495 U.S. at 600, 110 S.Ct. at 2159. Thus, the Ninth Circuit in *Downey* concludes that in defining the term "nonviolent offense," the BOP must employ this categorical approach because it uses § 924(c)(3) "crime of violence" language, which is similar to § 924(e) "violent felony" language, to define the term "non-violent offense" in § 3621(e).[2] The *Downey* Court's reasoning, on closer analysis, is not persuasive.

Notwithstanding the fact that the BOP has borrowed language from another statute to interpret § 3621, it is clear that the statute at issue here, § 3621, does not use the term "violent felony" from § 924(e) nor the term "crime of violence" from § 924(c)(3), but a new term, "nonviolent offense," which Congress has not defined in § 3621 although other terms in § 3621 are defined therein and although in 5 § 924(e) and 924(c)(3) their respective terms of violent crimes are defined.

The relevant statute here, 18 U.S.C. § 3621, contains "only two commands to the BOP: (1) that it not consider violent offenders for a sentence reduction; and (2) that any sentence reduction 'may not be more than one year from the term the prisoner must otherwise serve.'" *Sesler*, 926 F.Supp. at 132–33. (Citations omitted). The statute does not mandate a categorical approach to the determination of what is a "nonviolent offense." The language used in § 924(e)(2)(B) to define the term "violent felony," as was at issue in *Taylor*, led the Supreme Court to hold that courts applying the term "violent felony" to a particular offense in the context of sentence enhancement must employ a formal categorical approach considering only the elements of the underlying offense. The holding of *Taylor*, on which

the Ninth Circuit relied, is distinguishable from this case.

The crucial distinction is that unlike what it did in the sentencing context, Congress did not furnish a definition for the term "nonviolent offense" in the context of early release, nor did Congress prohibit the BOP from defining the term as it sees fit, including borrowing language from other statutes to assist its own formulation of a term it is charged with defining. Instead, Congress gave the BOP explicit broad discretion in a certain area (reduction of sentences in connection with drug rehabilitation programs) and told the courts not to interfere. *Sesler*, 926 F.Supp. at 133. As discussed above, it would be a "foolish consistency" to hold that because the BOP uses language from a sentencing statute that all prior interpretations of that sentencing statute bind the BOP in its Congressionally charged mission to interpret a post-sentence early release statute. Thus, Petitioner's reliance on the *Downey* decision is not meritorious.

## IV. CONCLUSION

Accordingly, for the above-stated reasons, it is recommended that Petitioner's petition for a writ of habeas corpus be denied, that the same be dismissed with prejudice, and that this action be stricken from the docket.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813, 814 (6th Cir.1984), *aff'd*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir.1986). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right to appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir.1991). A party may file a response to another party's objec-

---

**2.** 18 U.S.C. § 924(e)(2)(B) defines a violent felony as an offense which:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

tions within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the 20th day of December, 1996.