86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry N. BODE, Petitioner-Appellant,
v.
Bob GUZIK, Respondent-Appellee.
 No. 95-6061.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1996.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 Larry N. Bode, a pro se federal prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The district court also dismissed the action to the extent it was construed as a complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In Bode's pleading, entitled "Petition for Writ of Habeas Corpus--Mistreatment of Prisoner," Bode complained about his conditions of confinement at the Federal Correctional Facility in Memphis, Tennessee, where he was housed at the time he filed this action. The district court construed the pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and determined that Bode had not exhausted his administrative remedies before seeking the court's review of the petition. Thus, the petition was dismissed for want of exhaustion. The district court then liberally construed Bode's claims as premises for a Bivens-type action, see Bivens, 403 U.S. at 390-97, but dismissed the claims as frivolous pursuant to 28 U.S.C. § 1915(d). Bode filed a timely appeal from that decision. Bode has also filed a motion "For Extensions and Injunctions, and Stays," and a motion to be transferred out of the Federal Correctional Institution in Pekin, Illinois, where he is now incarcerated.
 
 
 4
 This court reviews a judgment dismissing a § 2241 petition de novo. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). This court may not review this petition, because Bode has not shown that he has exhausted his administrative remedies before requesting habeas relief in federal court. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981).
 
 
 5
 To the extent the pleading may be construed as a Bivens action, the complaint has been rendered moot by Bode's transfer to the federal prison in Illinois. See Weinstein v. Bradford, 423 U.S. 147, 148 (1975) (per curiam); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). Nevertheless, this court concludes that the district court did not abuse its discretion in dismissing the Bivens-type claims as frivolous. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990).
 
 
 6
 Bode has no inherent constitutional right to be incarcerated in any particular federal prison facility. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Thus, Bode's motion requesting a transfer to another federal prison is denied.
 
 
 7
 Accordingly, Bode's motions are denied and the district court's order denying the petition for habeas relief, and dismissing Bode's Bivens-type claims is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation