James L. BUSH, Petitioner–Appellant,

v.

Percy H. PITZER, Respondent–Appellee.

No. 97–3024.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 5, 1997.

Decided Dec. 31, 1997.

Rehearing Denied Jan. 21, 1998.

---

James L. Bush (submitted), Oxford, WI, Petitioner–Appellant Pro Se.

Peggy A. Lautenschlager, Office of the United States Attorney, Madison, WI, for Respondent–Appellee.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

After confessing that he funneled approximately 400 guns to gangs engaged in the drug trade, James Bush pleaded guilty to conspiracy to violate the firearms-control laws. Substantive weapons charges were dismissed as part of the plea bargain. His sentence is 57 months' imprisonment, the maximum of a Guideline range that was increased by 14 levels because of the number of firearms sold, the obliteration of serial numbers, the vocation of the buyers, and the danger the guns posed to the public in the buyers' hands. In prison Bush successfully completed a drug abuse treatment program. Some prisoners who do this qualify for early release under 18 U.S.C. § 3621(e)(2)(B): "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." The Bureau refused to advance the date of Bush's release, citing Program Statement 5162.02. He sought a writ of habeas corpus under 28 U.S.C. § 2241 and appeals from the district court's order denying his petition. After receiving the notice of appeal the district court issued an order purporting to deny Bush's request for a certificate of appealability, but Bush had not made such a request—and for good reason. Under 28 U.S.C. § 2253(c)(1)(B), a federal prisoner needs a certificate of appealability only when appealing from the denial of relief under 28 U.S.C. § 2255. Having paid the docket fees, Bush also does not need the court's leave to proceed *in forma pauperis.*

Bush does not contend that his custody violates the Constitution, making it unclear why he seeks relief under § 2241. Section 3621(e)(2)(B) permits but does not compel early release, so it would be difficult to say that the custody violates even a statute. Section 2241 does not permit review of prison and parole decisions after the fashion of the Administrative Procedure Act; a pris-

oner seeking relief under § 2241 must demonstrate that the custody is unlawful, and not just that an administrative official made a mistake in the implementation of a statute or regulation. See, e.g., *Kramer v. Jenkins,* 803 F.2d 896 (7th Cir.1986); *White v. Henman,* 977 F.2d 292 (7th Cir.1992). But in *White* we added that the Bureau of Prisons is an "agency" within the meaning of the APA, which implies that the Bureau must publish for notice and comment program statements that have legal effect, and must avoid making errors of law in the application of its regulations and program statements. The warden's brief in this case is written as if this were APA litigation, so we see no need to choose between § 2241 and the APA. Which statute applies may affect the identity of the defendant, the venue, or even the outcome in many cases—it did in *White*—so the subject should receive close attention in future litigation under § 3621(e)(2)(B).

■ Sections 9 and 10 of Program Statement 5162.02 say that the Bureau of Prisons treats certain offenses as "violent" if adjustments under the Sentencing Guidelines were based on events associated with violence, such as the possession or sale of firearms (or, here, the obliteration of serial numbers). The Bureau told Bush that he is disqualified under this definition of a "violent" offense. Two courts of appeals have held that this portion of Program Statement 5162.02 is incompatible with § 3621(e)(2)(B) because the statute speaks of "a nonviolent offense" while the Program Statement anchors the definition to deeds that do not constitute the "offense." *Roussos v. Menifee,* 122 F.3d 159 (3d Cir.1997); *Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996). We agree with these decisions. To the extent *Venegas v. Henman,* 126 F.3d 760, 763 (5th Cir.1997), holds that a prisoner whose sentence has been "enhanced under the sentencing guidelines for possession of a weapon" is statutorily ineligible for early release, we disapprove its conclusion.

Section 5 of the Program Statement adopts as the definition of "violent offense" the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3):

an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Like § 3621(e)(2)(B), the definition in § 924(c)(3) refers to the elements or nature of the "offense". An offense such as conspiracy neither has the use of physical force as an element, § 924(c)(3)(A), nor "by its nature" creates a substantive risk that physical force will be used, § 924(c)(3)(B). There is a mismatch between the offense-of-conviction approach adopted by § 3621(e)(2)(B) and § 924(c)(3) and the "underlying facts" or "real offense" approach of Program Statement 5162.02. When defining "crime of violence" under § 924(c)(3) and similar parts of the Sentencing Guidelines, courts consistently look to the acts that constituted the crime of conviction and not to the underlying conduct. See, e.g., *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Shannon,* 110 F.3d 382 (7th Cir.1997) (en banc). Sentencing enhancements differ from offenses for other purposes as well. See *United States v. Watts,* —— U.S. ——, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). Perhaps the fact that § 3621(e)(2)(B) refers to "nonviolent offense" breaks the link to the statutory definition of a "crime of violence"—although we held otherwise in *United States v. Poff,* 926 F.2d 588 (7th Cir.1991) (en banc), concerning a reference in the Guidelines to "nonviolent offense"—but the Bureau does not make such an argument.

■ A conclusion that Program Statement 5162.02 adopts an overbroad definition of a violent offense does not show, however, that Bush is entitled to early release. Commission of a "nonviolent offense" makes a prisoner eligible for consideration but does not require the Bureau to grant the boon he seeks. Eligibility is not entitlement. The Bureau has adopted a regulation (after notice and comment rulemaking) withholding the benefit from some prisoners:

An inmate who was sentenced to a term of imprisonment . . . for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

(a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

(i) INS detainees;

(ii) Pretrial inmates;

(iii) Contractual boarders (for example, D.C., State, or military inmates);

(iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;

(v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;

(vi) Inmates whose current offense is a felony:

(A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or

(B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

(C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or

(D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58. Three appellate courts have held that the precursor to this regulation is compatible with § 3621(e)(2)(B) because the Bureau of Prisons is entitled to use any rational, non-invidious criteria when deciding which of the statutorily "eligible" prisoners receive reductions. *Stiver v. Meko*, 130 F.3d 574 (3d Cir.1997); *Sesler v. Pitzer*, 110 F.3d 569 (8th Cir.1997); *Jacks v. Crabtree*, 114 F.3d 983 (9th Cir.1997). Although these opinions do not deal with the same portion of § 550.58 that affects Bush, their rationale—that the Bureau has discretion to distinguish among statutorily "eligible" prisoners on sensible grounds—is both sound and generally applicable. A prisoner whose *offense* is "nonviolent" but whose underlying *conduct* is violent or prone to violence rationally can be excluded from the program. When exercising discretion under § 3621(e)(2)(B) prison officials need not be bound by plea bargains that exclude clearly violent crimes from the register of convictions.

Section 550.58(a)(1)(vi)(C) disqualifies Bush. It covers persons whose crime, "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another". Conspiracy does not by its "nature" present a serious risk; but Bush's "conduct" did so. Selling 400 guns to drug runners creates substantial risks to innocent persons. Other subsections of the regulation also may be relevant, but we need not consider their effect. Although the language of § 550.58 changed after the Bureau denied Bush's application for earlier release (we have quoted the current version), it did not change to his detriment. The old version (see 60 Fed.Reg. 27695) disqualified not only Bush but also many more prisoners. The change was designed to increase the number of prisoners who could benefit from the program. See 62 Fed.Reg. 53690 (Oct. 15, 1997). The current regulation makes Program Statement 5162.02 irrelevant, so it would be pointless to direct the Bureau of Prisons to reconsider Bush's application: even if he is "eligible" under the statute he cannot be released before the end of his sentence. A prisoner whose *offense* was "nonviolent" is eligible in the sense that the Bureau *could* release him early, but the Bureau need not extend the program to the maximum extent the statute permits. A prisoner is excluded under § 550.58 if his *conduct* created a substantial risk of future

violence. Bush's conduct did so, and the order denying his petition for a writ of habeas corpus therefore is

AFFIRMED.