UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 26, 2006[*]
Decided November 22, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2305

| | |
|---|---|
| GARY DeWILLIAMS, *Petitioner-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-C-044-S |
| RICARDO MARTINEZ, *Respondent-Appellee.* | John C. Shabaz, *Judge.* |

**O R D E R**

A federal prison guard found an "unauthorized electrical hook-up" hidden in the light fixture in inmate Gary DeWilliams's cell. DeWilliams and his cellmate, Kenneth Reed, were both charged with possessing the electrical hook-up. The evidence at DeWilliams's subsequent hearing before a Disciplinary Hearing Officer consisted of written statements from the guard who found the device and the Bureau of Prisons employee who investigated the incident, a photograph of the electrical hook-up, and DeWilliams's testimony denying knowledge of the device and stating that he only recently had moved to that cell. DeWilliams was found guilty

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

of possessing a hazardous tool (a similar device had been used to shock a prison employee a year earlier), and his punishment included the loss of 45 days of good-time credit. After exhausting his administrative remedies without success, DeWilliams filed a petition in federal court under 28 U.S.C. § 2241, claiming that his due process rights were violated because, he asserted, he was punished for not accepting a deal to be an informant and was held in segregation for too long before his hearing. In denying the petition the district court reasoned that the prison had followed proper procedures and the hearing officer had based his finding of guilt on "some evidence."

On appeal DeWilliams argues that he should not be responsible for the electrical hook-up because, he insists, other inmates and the prison guards also had access to the light fixture in his cell. For the BOP to revoke a prisoner's good-time credits, its findings from a disciplinary proceeding must be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill* 472 U.S. 445, 455-56 (1985); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Evidence of constructive possession is sufficient to convict when contraband is found where only a few inmates have access. *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Although DeWilliams now asserts that others may have accessed his cell, he did not present any evidence at his disciplinary hearing to suggest that anyone else other than his cellmate entered the cell or tampered with the light fixture, meaning that a 50% probability exists that DeWilliams was the one who placed the electrical device in the light fixture. A "50% probability amounts to 'some evidence.'" *Hamilton*, 976 F.2d at 345. Accordingly, we agree with the district court that the hearing officer's finding of guilt is supported by some evidence.

DeWilliams, though, apparently argues that his disciplinary conviction should be expunged because the identical charge against his cellmate, Reed, was expunged on administrative appeal; DeWilliams argues that the BOP has adopted a policy requiring across-the-board convictions when more than one inmate is charged for the same conduct and no one accepts responsibility. As an initial matter, DeWilliams cannot bring this claim under § 2241 because a prisoner seeking relief under § 2241 must allege that the BOP's decision is unlawful, not just that the BOP made a mistake in implementing a regulation. *Bush v. Pitzer*, 133 F.3d 455, 456-57 (7th Cir. 1997). Moreover, DeWilliams never presented this argument either to the BOP or to the district court. Hence, it is not properly before us on appeal. *See Richmond v. Scibana*, 387 F.3d 602, 064 (7th Cir. 2004) (explaining that arguments must be presented to BOP before they can be raised in § 2241 petition); *Estremera v. United States*, 442 F.3d 580, 587 (7th Cir. 2006) (stating that it is well settled that arguments not raised in the district court cannot be raised on appeal). And if DeWilliams means to suggest that the final outcome in Reed's case undermines the evidence underlying his own conviction, he is wrong. Reed's disciplinary conviction was overturned because Reed presented credible evidence that he reported the

electrical hook-up to a prison guard the day after he was transferred into the cell. In contrast, DeWilliams had been living in the cell for over a month but had never made a similar report.  And although DeWilliams contends that he did not own the hook-up, he was convicted only of possessing it—not owning it.

AFFIRMED.